1  CHRISTOPHER R. LUCAS (SBN 95293)
   LAW OFFICES OF GOFORTH & LUCAS
2  2300 Clayton Road, Suite 1460
   Concord, California 94520
3  TELEPHONE: (925) 682-9500
   FACSIMILE: (925) 682-2353
4

5  Attorney for Plaintiffs,
   AVIS DOCTOR, CHARI OGOGO,
6  PAULETTE MAYO, KAREN SMITH,
   SUZETTE STEINBERG, THOMAS STEINBERG,
7  AMY LEVESQUE, GEORGE ROACH,
   AMREE JOHAL, SYLVIA HERNANDEZ,
8  DICK LING, JOHN O'BRIEN,
   KIFLAI TESFAI, LAURA ZAMORA, AND RAUL ZAMORA
9

10                 UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                     (San Francisco)

13  AVIS DOCTOR, CHARI OGOGO,          FEDERAL CASE NO: C07-03270 JL
    PAULETTE MAYO, KAREN SMITH,
14  SUZETTE STEINBERG, THOMAS          PLEASE SEE RELATED
    STEINBERG,                         FEDERAL CASE NO: C07-03269 MJJ
15       Plaintiffs,
                                       (Consolidated STATE CASE:
16       v.                            MSC07-01018; MSC 07-01016)
    NORTH AMERICAN TITLE COMPANY
17  INC., OLD REPUBLIC TITLE COMPANY,  **POINTS AND AUTHORITIES IN**
    KANYA TENNYSHA COLEMAN aka KANYA   **SUPPORT OF MOTION TO REMAND TO**
18  HILL aka KANYA MAXIMO, CHARLES E.  **STATE COURT BY CERTAIN**
    COLEMAN aka CHARLES E. COLEMAN     **PLAINTIFFS IN CONSOLIDATED**
19  SR., YVONNE E. GAMBLE, FREDERICK   **ACTION AGAINST THOSE NAMED**
    C. GAMBLE, JORIE WRIGHT, FLOYD W.  **DEFENDANTS REFERRED**
20  WATSON, FELIX GOLDEN, K PLATINUM   **COLLECTIVELY AS "KPG" FOR "K**
    GROUP, INC., K PLATINUM REALTY,    **PLATINUM GROUP"**
21  INC., K PLATINUM FINANCIAL, INC.,
    K PLATINUM ASSOCIATES, INC., K     Date: 09/05/07
22  PLATINUM INTERNATIONAL, INC., K    Time: 9:30
    PLATINUM INTERNATIONAL             Courtroom: F
23  ASSOCIATES, INC., K PLATINUM
    INTERNATIONAL FINANCIAL, INC., K
24  PLATINUM INTERNATIONAL GROUP
    INC., K PLATINUM INTERNATIONAL
25  REALTY, INC., K PLATINUM

LAW
OFFICES
OF
GOFORTH
& LUCAS

*POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND*                    1

PERSONNEL SERVICES, K PLATINUM
INTERNATIONAL ASSOCIATE
INVESTMENT, REAL ESTATE PERSONNEL
SERVICES a business organization
unknown, REALLIFE CONSULTING, a
business organization unknown,
OUTERSPHERE INC., OUTERSPHERE
LLC, OUTERSPHERE INVESTMENT
GROUP, LLC, BLUE SKY TRUST, a
business organization unknown,
PROSPERITY MATTERS LLC, POWER OF
SEVEN LOAN-FUND ONE LIMITED
PARTNERSHIP, SANFORD AND PETERSON
INTERNATIONAL INVESTMENT GROUP,
INC., LAND AMERICA aka LAND
AMERICA CAPITAL CORPORATION,
BRENDA ANN MICHELSON, CAROL ANN
DICKSON, CLAYTON GRACE, THOMAS
JENKINS, VIKING APPRAISALS, CRAIG
BUCCELLATO, JESSICA ARANDA,
and DOES 1 to 500, INCLUSIVE,

        Defendants.
_____/

**INTRODUCTION:**
**PLAINTIFFS ARE OVER TWENTY INDIVIDUALS IN EIGHT SEPARATE CASES
WHICH WERE CONSOLIDATED IN THE STATE COURT**

**PLAINTIFFS IN CONSOLIDATED CASE MOVE FOR REMAND BASED ON
DISMISSAL OF ALL RICO CLAIMS.  ALSO: UNTIMELY REMOVAL, WAIVER BY
DEFENDANTS OF REMOVAL, AND FAILURE OF "KPG" DEFENDANTS TO OBTAIN
CONSENT OF OTHER SERVED DEFENDANTS TO REMOVAL**

**(1) DEFENDANTS SERVED IN THE STATE CASE HAVE NOT PROPERLY JOINED
IN REMOVAL
("RULE OF UNANIMITY" FOLEY V. ALLIED INTERSTATE, INC., 312
F.Supp.2d 1279 (C.D.Cal.2004), 28 USC 1446(a),(b).)**

**(2) THE INTENT OF ONLY REMAINING RICO ALLEGATION TO BE DISMISSED
IS CLEAR.  COURT SHOULD REMAND 28 USC 1441(c) CLAIMS IN EXERCISE
OF DISCRETION TO PREVENT DISRUPTION OF STATE COURT ORDERS; FORUM
SHOPPING, RECONSIDERATION OF RECEIVER**

**(3) ALL REMAINING CLAIMS ARE PURELY STATE LAW CLAIMS INVOLVING
PROPERTY RIGHTS TO CONTRA COSTA HOMES AND MORTGAGES, STATE
BROKER LAW, STATE LIS PENDENS REMEDIES; NO DIVERSITY**

**(4) THE COURT SHOULD NOT EXERCISE DISCRETION TO KEEP CASE IN FEDERAL COURT SINCE REMOVAL WAS COINCIDENT WITH DISMISSALS OF ALL FEDERAL CLAIMS, AND RICO CLAIM IS *CONCURRENT* JURISDICTION 28 USC 1367(c)(2)(3)**

**(5) KPG DEFENDANTS REMOVE TO AVOID APPOINTMENT OF RECEIVER, BUT BY OPPOSING THE RECEIVER MOTION AND OTHER UNFAVORABLE MOTIONS AND LOSING, DEFENDANTS WAIVED REMOVAL**

**(6) REMOVAL NOTICE IS NOT TIMELY AS TO CONSOLIDATED CASE BASED ON SERVICE OF DOCU CLAIMS IN MARCH AND FILING OF REMOVAL NOTICE JUNE 21: NONE OF THE CURRENTLY FILED CASES WILL HAVE ANY FEDERAL LAW ISSUES, AND REMOVAL DISRUPTS PROGRESS IN PREJUDMENT RECEIVER AND CASE CONSOLIDATION**

Approximately twenty Plaintiffs filed at least eight separate lawsuits IN STATE COURT, against the "K Platinum" real estate brokers as defendants, AND also against OTHER Defendants. The K Platinum defendants, who alone sought removal, solicited and received large case investments and "equity share" home purchases, from the plaintiffs, during a six month period in the second half of 2006. KPG then closed up offices without any forwarding address and did not pay investment returns or return principal as guaranteed.

Plaintiffs timely move for remand to the State court, on numerous grounds, which must be resolved in favor of remand.

> "District courts must construe removal statues strictly against removal and resolve any uncertainty as to removability *in favor of remand*. Takeda v. Nortwestern Nat's Life Ins. Co, 765 F.2d 815, 181 (9th Cir.1985); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)." Foley v. Allied Interstate, Inc., 312 F. Supp.2d 1279 (C.D.Cal.2004).

1    The removing defendants, here called "KPG", raked in at
2    least 10 million dollars from at least 400 improvident but now
3    bereft "investors". The investors relied upon apparent profits
4    of 25% and written guarantees that the investments were bonded,
5    and guarantees that investors "would pay nothing" on mortgages
6    in the so called "equity share partners" scam in which the
7    investors' good credit was appropriated by KPG. The so called
8    "equity partners" ended up with huge debts after KPG
9    appropriated the loan proceeds, and KPG did not make the loan
10   payments as promised. The KPG defendants also took cash
11   investments but the KPG defendants <u>never made any investments</u>.
12   They were only set up to <u>take</u> money, as in, take the money and
13   run. Not to make money.
14

15   The various consolidated cases were removed from state
16   court by removal notices filed in *two* departments of this court
17   by the "KPG" defendants <u>only</u> on June 21, 2007. All of the state
18   court plaintiffs' lawsuits had been consolidated by the state
19   court judge on June 1, and a receiver and attachment and other
20   opposed prejudgment remedies had been granted in the state
21   court. The removing defendants KPG opposed these recent,
22   prejudgment remedies which were granted to the plaintiffs in the
23   consolidated State court actions, specially against the KPG
24   defendants.
25

LAW
OFFICES
OF
GOFORTH
& LUCAS

**RICO CLAIMS WILL NOT PROCEED**

Although only three, of the eight consolidated lawsuits now removed, contained an identical, but peripheral RICO claim, <u>all</u> RICO claims were dismissed in state court, <u>or will be dismissed</u> forthwith in this court (no answers have been filed).  See FRCP 41(a) that is, assuming if the Plaintiffs', who seek remand, State court dismissal is not valid (it was filed June 22, 2007. KPG's removal notice was filed June 21, 2007).

The role of North American Title and Clear Mortgage and other defendants role in facilitating the misappropriation of loan funds by KPG only became clear once the various plaintiffs could compare notes as to the equity share.  For that reason Plaintiffs proposed to dismiss the RICO cause and seek leave to amend and name these new defendants, (in the State court).

Thus the only plaintiffs who had still alleged a RICO cause of action had informed the KPG defendant attorneys that RICO would be <u>abandoned</u>, and amendments sought against other defendants including title companies and lenders.  (The <u>Docu</u> defendants dismissed their entire case and RICO claims July 10, 2007 pursuant to settlement with the KPG defendants, dismissed <u>after</u> the June 21, 2007 removal notices).  The other Plaintiffs with RICO claims clearly will not proceed with that claim.  28 USC 1367(c).

Thus plaintiffs' federal dismissal of the remaining RICO would be as of right under FRCP 41 (a). Plaintiffs will seek remand of all state causes of action and dismissal of the RICO by the federal court. But remand would be proper in any case because the State court has <u>concurrent</u> RICO jurisdiction, and federal jurisdiction is not pre-emptive or exclusive.

### STATE COURT REMEDIES DISRUPTED BY REMOVAL: RECEIVER, LIS PENDENS, CONSOLIDATION

Plaintiffs' Lis Pendens notices were recorded against individual defendants' properties, which were previously KPG properties. The property remedies are state law questions, and the remedies in place are state law remedies. In fact, there may be no federal lis pendens remedies.

<u>Remand</u> should be ordered so that KPG cannot disrupt and call the State remedies into question by forum shopping prompted by unfavorable rulings and appointment of a receiver by the State court.

State law predominates, including State law real estate broker duties and other exclusive state real property claims and remedies. There is no diversity or other federal basis for jurisdiction, other than the discretion of the court if it so chooses, based on Plaintiffs' one day belated dismissal of RICO. 28 USC 1367 (c)(2) and (3), and Plaintiffs' intent to dismiss.

1      But discretion in keeping the case is not fair to the

2   plaintiffs who saw much progress in state court by winning

3   important motions and prejudgment remedies including a receiver

4   against the KPG defendants.

5

6                  **ALL DOUBTS IN FAVOR OF REMAND TO STATE COURT**

7

8      The holding of the Supreme Court concerning pendent

9   jurisdiction applies here. Carneigie-Mellon Univ. v. Cohill

10  (1988) 484 US 343,344: "A wide discretion to remand…will enable

11  the district courts to deal with appropriate cases involving

12  pendent claims in a manner that best serves the principles of

13  judicial economy, procedural convenience, fairness to litigants,

14  and comity to the States."    In such cases, there is a "*well

15  settled presumption in favor of remand*", Student A v. Metcho

16  (1989) 710 F Supp 267, citing Takeda v. Northwestern Nat'l Life

17  Ins. Co. (9th Cir. 1985) 765 F 2d 815, 818. Even if RICO claims

18  remained, RICO jurisdiction is concurrent, not pre-emptive.

19  Cianci v. Supreme Court (1985) 40 Cal.3d 903, Taflin v. Levih,

20  (1990) 493 U.S. 455, 466-7.   But the last RICO claims are

21  virtually defunct, dismissed or will be dismissed.   Harris v.

22  Bobers Life and Casualty, (9th Cir.2005) 425 F.3d 689, 697;

23  Duncan v. Stuetzle, (9th Cir.1996) 76 F.3d 1480, 1485.

24

25

LAW
OFFICES
OF
GOFORTH
& LUCAS

*POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND*                    7

## PROCEDURAL BACKGROUND

All of the plaintiffs in the consolidated cases, which were all removed, allege that they are victims of defendant KPG's slick conspiracy to defraud. KPG solicited <u>investments which were never made</u>, as KPG attorneys admitted in State court, in their "report to the court re: restructuring."[1]

"KPG" defendants are represented by two attorneys: Marc TerBeek, Esq. of Walnut Creek (corporate) and various individual defendants by Christopher Pham, Esq. of Los Angeles (Mr. Pham represents the individual defendant Kanya Coleman).

KPG attorneys expressly do not represent the other named <u>defendants who have been served and who have not joined in the KPG defendants' removal notice</u>. Remand should also be granted on the grounds that the two KPG removal notices are defective as not joined in writing by numerous served defendant (see below).

The *initial* lawsuit WITH <u>RICO</u> ALLEGATIONS was filed by two "investor" plaintiffs named Hemwattie and Theodore Docu. The Docu case was filed in Contra Costa Superior Court on *January 22, 2007*. That lawsuit was assigned to Contra Costa Superior Court Judge David Flinn, and was served by various means on KPG

---

[1] Please see Cal. Dept of Corporations Cease and Desist Order and California Department of Real Estate Accusation concerning the K Platinum corporate entities and the State Court order appointing Receiver, attached to Declaration of Attorney LUCAS who represents the 14 plaintiffs in two different cases consolidated State court who now move for remand to the State court. Many State court filings are not included in KPG's removal notice-including the receiver motion and KPG's <u>opposition.</u>

LAW
OFFICES
OF
GOFORTH
& LUCAS

*POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND*

1   defendants which proofs *of service were formally filed on March*

2   *29, 2007.*[2]

3       KPG apparently settled with the DOCU plaintiffs, but the

4   DOCU case, which contained the same RICO claim as the ones the

5   current plaintiffs intended to dismiss, was nevertheless

6   consolidated with ALL the later filed lawsuits, and the DOCU

7   case was *also removed* along with all the other cases on *June 21*,

8   thus the KPG defendants had to seek removal 30 days from March

9   29, 2007 after initial notice of RICO claim.

10      But not until June 21 did KPG attorneys Pham and TerBeek

11  filed <u>two</u> removal notices of the entire consolidated cases.

12  They somehow "split" the consolidated cases into two departments

13  of the District court, with two separate action numbers. This is

14  clearly defective, and confusing, and the defendants offered no

15  correction or explanation, nor for why they also removed the

16  DOCU case when they had already filed a notice of settlement

17  months before (the DOCU dismissal was not filed in state court

18  until July 10, 2007).

19

20       **NO REMOVAL FILED WITHIN 30 DAYS OF INITIAL FEDERAL CLAIM**

21      The law requires the defendants who seek removal to file

22  notice within 30 days after service of the "initial pleading

23  setting forth the claim for relief upon which such action of

24

25  _____

[2] The dockets are attached to the Declaration of the Attorney for the
Plaintiffs currently moving for remand to show the dates of these filings and
of proofs of service.

LAW
OFFICES
OF
GOFORTH
& LUCAS

*POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND*

1  proceeding is based" OR within 30 days after receipt by the

2  defendants, of a copy "from which it may first be ascertained

3  that the case has become removable". See 28 USC 1446 (a).

4  Because the cases were consolidated, this 30 days began to run

5  when KPG was served the DOCU RICO claims March 29 (see docket).

6      Defendants may claim that this period was triggered anew by

7  the later filing of RICO claims by *some* of the newer plaintiffs.

8  These Plaintiffs are currently moving for Remand back to the

9  State Court, which accepted both these plaintiffs' dismissal of

10 all RICO claims and later the DOCU dismissal (part of a

11 settlement). Plaintiffs also tender dismissal of the RICO claim

12 here, if necessary. But there is no good reason for federal

13 removal.

14 **RICO CLAIMS DO NOT PREEMPT CONCURRENT STATE COURT JURISDICTION**

15     RICO claims are subject to <u>concurrent</u> state and federal

16 jurisdiction in any case, and two courts with jurisdiction

17 should defer to the first to assert it, here the state court

18 (see below).

19     The 9th Circuit has held that here was no removal

20 jurisdiction when plaintiff filed suit alleging federal mail and

21 wire fraud statues as predicate offenses when plaintiffs sought

22 *remedies* under state law. <u>Easton vs. Crossland Mortgage Corp.</u>

23 (9th Cir. 1997 114 F3d 979, 982. "Plaintiff's election to proceed

24 exclusively under state law does not give rise to federal

25

jurisdiction" despite plaintiffs citation of federal mail fraud as predicate offenses under state RICO claim. Patterman v. Travelers, Inc. (SD GA 1997) 11 F Supp 2d 1382,1388-1389. State Courts have *concurrent jurisdiction* over claims filed under the federal RICO statute. Tafflin v. Levitt (1990) 493 US 455, 466-467 and the California Supreme Court holding for concurrent jurisdiction for federal RICO: Cianci v. Superior Ct. (1985) 40 Cal 3d 903, 908. The State court had concurrent RICO jurisdiction and was the first court to assert it, along with the many State claims.

### THE KPG DEFENDANTS WAIVED REMOVAL

There were substantial defensive actions indicating the KPG defendants' willingness to litigate in State Court prior to KPG filing the removal notice in federal court. Yousefzadeh v. Nelson, Mullins, Riley and Scarborough, LLP (11th Cir. 2004) 365 F 3d 1244, 1246. See Kiddie Rides USA Inc. v. Elektro-Mobiltechnik (CD IL 1984) 579 F. Supp. 1476, 1479-1480. In that case, defendant lost a motion to vacate an order of attachment and defendant removed in order to have the federal court consider same point, just as the KPG defendants here opposed and lost the State court appointment of receiver, etc.

The KPG defendant attorneys have explicitly claimed that the receiver is in doubt because of the removal notice. This doubt extends to the state court lis pendens notices. KPG

defendants attempt to get second bites of the same apple and avoid the consequences of the receiver, and the lis pendens remedies which may be unique to State court.

### PRESERVATION OF ASSET REMEDIES IS VITAL TO PLAINTIFFS

In this case pre judgment freezing of assets of the short lived corporate entities is plaintiffs' last best hope to recover so many catastrophic financial losses to the short lived corporations run by con artists. See 28 USC 1450—Pham and TerBeek informed plaintiffs counsel that the receiver "expired" and that all the prejudgment orders are "in doubt". But see Jenkins v. Commonwealth Land Title Ins Co. (9th Cir. 1997) 95 F 3d 1372 at 1378. See the US Supreme Court's criticism of forum shopping in Butner v. United States (1979) 440 US 48, 55: which added that "property interests are created and defined by state law". This case is more about the mortgages obtained in the investors' names by KPG and the state law title and real estate agent duties than it is about the now moot and all but dismissed RICO allegations.

### THE OTHER DEFENDANTS WHO WERE SERVED DID NOT JOIN IN REMOVAL THUS THE REMOVAL NOTICE IS DEFECTIVE

In cases involving multiple defendants, all defendants must join in a removal in a removal action with the exception of nominal parties.  Embury v. King, 361 F.3d 562, 563, n. 1 (9th Cir.2004); United Computre Sys., Inc. v. AT&T Corp., 298 F.3d

LAW OFFICES OF GOFORTH & LUCAS

756, 762 (9th Cir.2002); <u>Hewitt v. City of Stanton</u>, 798 F.2d 1230, referred to as the "rule of unanimity." <u>Foley v. Allied Interstate, Inc.</u>, 312 F.Supp.2d 1279 (C.D.Cal.2004).

No defendants have answered, although <u>many</u> named defendants who were served prior to removal, have not consented to removal. These defendants include REAL LIFE CONSULTING, REAL ESTATE PERSONNEL SERVICES, BLUE SKY TRUST (ALL SERVED May 24, with BLUE SKY TRUST served with a filed NOTICE OF PENDING LITIGATION against four properties located in Contra Costa County), and other served defendants who have not consented to removal are: Prosperity Matters LLC (served May 31) AND Felix Golden (June 29 and Rob Ferguson (served July 10). Defendant Clayton Grace was served on June 24 and has not consented to removal, and there are five more named entity defendants (POWER OF SEVEN-LOAN FUND ONE LIMITED PARTNERSHIP, SANFORD AND PETERSEN INTERNATIONAL INVESTMENT GROUP INC, LAND AMERICA AKA LAND AMERICA CAPITAL CORPORATION) who had not yet been served but whose consent to removal was not obtained. Defendant Yvonne Gamble and Frederick Gamble and their companies OUTERSPHERE INC and OUTERSPHERE INVESTMENT GROUP LLC are also named defendants who had not yet been served but who were served with LIS PENDENS NOTICES of the remanding plaintiffs lawsuits filed which NOTICES OF PENDING LITIGATION WERE RECORDED MAY 11, MAY 23, JUNE 1 AND JUNE 5.

1    Not one of the foregoing defendants have consented to

2    removal, yet all were served or given notice, and all were

3    potentially liable under the now dismissed RICO claims.

4    **ALL DEFENDANTS MUST JOIN IN REMOVAL NOTICE**

5    All defendants in the State court action must normally join

6    in the notice of removal. Parrino v. FHP, Inc. (9th Cir. 1998)

7    146 F 3d 699, 703. Only a few of the named defendants have

8    joined in the notice of removal, and the burden is on defendants

9    to explain the absence of joinder. Prize Frize, Inc. v. Matrix

10   (U.S.) Ind. (9th Cir. 1999) 167 F 3d 1261, 1266. It is not

11   sufficient, as the KPG defendants allege in their removal

12   notice, merely to say codefendants do not object. Roe v. Donohue

13   (7th Cir, 1994) 38 F3d 298, 301. Nor is the mere statement of

14   KPG counsel that other defendants consent—there must be a

15   *written consent* to removal by *all* defendants. Ogletree v. Barnes

16   (Ed Pa 1994) 851 F Supp 184, 188. Removal statutes are narrowly

17   construed against removal and all defendants must file written

18   consent to removal. Williams v. Equifax Information Services LLC

19   (MD FL 2005) 359 F Supp 2d 1284, 1286. Northern Ill. Gas Co. v.

20   Airco Industrial Gases (7th Cir. 1982) 676 F 2d 270, 272—the

21   removal notice is DEFECTIVE if it does not explain absence of co

22   defendants. See Alcorn v. Union Pacific Railroad Co. (WD MO

23   1998) 3 F Supp. 2d 1085, 1086—*all defendants against whom the*

24   *federal claim is asserted must join in the notice of removal,*

LAW
OFFICES
OF
GOFORTH
& LUCAS

*POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND*                    14

1    and the (now dismissed) RICO allegations named all defendants

2    and did not single out any particular defendants, so all

3    defendants must join in removal.

4    Yet only the KPG group defendants have filed for removal

5    (although the RICO claims have been or will be dismissed in any

6    case). See Hewitt v. City of Stanton (9th Cir. 1986) 798 F 2d

7    1230, 1232: *All* defendants who may properly join in the notice

8    *must* join in the removal notice. Nor was the removal notice

9    filed with the state court, and it is unknown by what means the

10   removing defendants notified the plaintiffs of the removal.

11

12                       **ONLY STATE REMEDIES SOUGHT**

13   The defunct RICO claim is not necessary to Plaintiffs claim

14   for relief as the Supreme Court held: "If, on the face of a

15   well-pleaded complaint, there are reasons completely unrelated

16   to the provisions and purposes of the [federal] patent laws why

17   the plaintiff may or may not be entitled to the relief it seeks,

18   then the claim does not "arise under" those laws". Christianson

19   v. Colt Industries Operating Corp., 486 U.S. 800 (1988).

20   Lastly, the Court should consider the jurisdictional issues

21   raised by the fact that most of the consolidated cases never had

22   a RICO claim, and that similar KPG fraud cases will inevitably

23   be filed in State court where the venue is correct for the real

24   properties involved. Conroy v. Fresh Del Monte Produce, Inc.,

25   325 F.Supp.2d 1049 (N.D.Cal 2004.

1   DATED: July 19, 2007                LAW OFFICE OF GOFORTH & LUCAS

2

3

4                                       CHRISTOPHER R. LUCAS
                                        Attorney for Plaintiffs,
5                                       AVIS DOCTOR, CHARI OGOGO,
                                        PAULETTE MAYO, KAREN SMITH,
6                                       SUZETTE STEINBERG, THOMAS
                                        STEINBERG, AMY LEVESQUE, GEORGE
7                                       ROACH, AMREE JOHAL, SYLVIA
                                        HERNANDEZ, DICK LING, JOHN
8                                       O'BRIEN, KIFLAI TESFAI, LAURA
                                        ZAMORA, AND RAUL ZAMORA
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

LAW
OFFICES
OF
GOFORTH
& LUCAS

*POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND*                    16

1

## PROOF OF SERVICE

2

I, declare that I am employed in the County of Contra
Costa, State of California.  I am over the age of eighteen years
and not a party to the within cause; my business address is 2300
Clayton Road, Suite 1460, Concord, California 94520.  Upon this
day, I served the within, **POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO REMAND**

3

4

5

6

On the following interested party(s) in said cause:

7

VIA EMAIL: cpham@gareebpham.com
VIA FACSIMILE (213) 455-2940
Christopher Q. Pham, Esq.
Alexander S. Gareeb, Esq.
GAREEB & PHAM, LLP
707 Wilshire Boulevard, Suite 5300
Los Angeles, CA 90017
(213) 455-2930
**Attorney for Defendant
KANYA TENNYSKA COLEMAN**

8

9

10

11

12

VIA FACSIMILE (510) 465-1330
Ronald W. Carter
2201 Broadway, Ste 815
Oakland, CA 94614
(510) 465-6500
**Attorney for Plaintiffs DOROTHY
DANIEL, THETRIS, ERVIN, DONNA
WILSON, RENDY LOLA PERKINS**

13

14

15

16

17

VIA FACSIMILE (415) 438-2655
Robert J. Scott, Jr., Esq.
SCHWARTZ & CERA LLP
44 Montgomery Street, Ste 3850
San Francisco, CA 94104
**(415) 956-2600**
**Attorney for Plaintiff BRUCE
SARUBIN**

18

19

20

21

VIA FACSIMILE (415) 776-1826
Jesse Clyde Ralph
54 Macondray Lane
San Francisco, CA 94133
**Attorney for Plaintiff JIMMIE
T. BRADEN SR.**

22

23

24

25

VIA EMAIL: marc@mehlman-terbeek.com
VIA FACSIMILE (925) 935-1789
Marc L. TerBeek, Esq.
2125 Oak Grove Road, Suite 125
Walnut Creek, CA 94598
(925) 935-3575
**Attorney for Defendants K
PLATINUM GROUP, INC., K PLATINUM
REALTY, INC., K PLATINUM
FINANCIAL, INC., K PLATINUM
ASSOCIATES, INC., K PLATINUM
INTERNATIONAL FINANCIAL, INC., K
PLATINUM INTERNATIONAL GROUP
INC., K PLATINUM INTERNATIONAL
REALTY, INC., K PLATINUM
INTERNATIONAL ASSOCIATE,
BRENDA ANN MICHELSON**

Newell Walker **(In Pro Per)**
160 Delgado Court
Vallejo, CA 94591

shroux1@aol.com
V. Elizaveth Grayson, Esq.
888 Seventh Avenue – 45th Floor
New York, NY 10106
(646) 406-1512
**Attorney for Plaintiff Charmaine
Bennett**

VIA FACSIMILE (510) 287-9656
David  L. Roth, Esq.
One Kaiser Plaza, Ste 601
Oakland, CA 94501
(510) 835-8181
**Attorney for Plaintiffs
Hemwattie Docu, Theodore Docu,
Hemo's House of Design, Inc.**

LAW
OFFICES
OF
GOFORTH
& LUCAS

VIA FACSIMILE (415) 421-2234
Jeffrey H. Lowenthal, Esq.
Edward Egan Smith, Esq.
STEYER LOWENTHAL BOODROOKAS
ALVAREZ & SMITH LLP
One California Street, Suite 300
San Francisco, CA 94111
(415) 421-3400

[X]  **VIA MAIL – CCP §§ 1013(a), 2015.5:**
By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection and mailing on that date following ordinary business practices.  I am readily familiar with my firm's business practice of collection and processing of correspondence for mailing with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United Stated Postal Service at Concord, California, with postage thereon fully prepaid, that same day in the ordinary course of business.

[X]  **VIA ELECTRONIC TRANSMISSION – LOCAL RULE 5.5(b):**
Pursuant to Local Rule 5.5(b), the document(s) were delivered by electronic transmission.

[ ]  **VIA OVERNIGHT MAIL/COURIER – CCP §§ 1013(c), 2015.5:**
By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection by overnight mail service or overnight courier service.  I am readily familiar with my firm's business practice of collection and processing of correspondence for overnight mail or overnight courier service, and any correspondence placed for collection for overnight delivery would, in the ordinary course of business, be delivered to an authorized courier or driver authorized by the overnight mail carrier to receive documents, with delivery fees paid or provided for, that same day, for delivery on the following business day.

[ ]  **VIA FACSIMILE – CCP §§ 1013(e), 2015.5, CRC 2008:**
By arranging for facsimile transmission from facsimile number (925)682-2353 to the above listed facsimile number(s) prior to 5:00 p.m.  I am readily familiar with my firm's business practice of collection and processing of correspondence via facsimile transmission(s) and any such correspondence would be transmitted in the ordinary course of business.  The facsimile transmission(s) was reported as complete and without error, and a copy of the transmission report is attached.

[ ]  **VIA HAND DELIVERY – CCP §§ 1011, 2015.5:**
By placing a true copy thereof in a sealed envelope(s), addressed as above, and causing each envelope(s) to be hand-served on that day, in the ordinary course of my firm's business practice.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on July 19, 2007, at Concord, California.

cc: Clients

By: Liliana Rincon

LAW
OFFICES
OF
GOFORTH
& LUCAS

*POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND*                18