**EXHIBIT 11**

## MEHLMAN ◆ TERBEEK LLP
Attorneys & Counselors At Law
2125 Oak Grove Road, Suite 125
Walnut Creek California 94598
Tel: (925) 935-3575
Fax: (925) 935-1789
*e-mail: info@mehlman-terbeek.com*

Steven J Mehlman  
Cynthia A. Hannon  
Timothy A. Walker

Marc L. TerBeek  
Leonardo J. Flores, JD  
Jeffrey D. Kirk

July 16, 2007

VIA FAX [(925) 682-2353] & U.S. Mail  
Christopher Lucas, Esq.  
Goforth & Lucas  
One Concord Centre - 2300 Clayton Road, Suite 1460  
Concord, CA 94520-2143

Re:  *K Platinum Group.*

Dear Mr. Lucas:

We write on behalf of KPG in reply to your letter dated July 11, 2007.

As to point Nos. 1 & 6, regarding the dismissal of the Equity Share actions against K Platinum and Ms. Coleman, we are not in a position to second guess your strategies and tactics regarding any dismissal of these cases, and will not do so here. Suffice to say that if you can maintain such an action in state court without raising any federal questions thereby, you and your clients are most certainly within your rights to seek to do so. As for the written stipulation you request, we are in the process of discussing that issue with the Receiver, Susan Uecker, and will inform you of her position (and ours) on the specifics of such a stipulation within the next 2 days.

As to point No. 2, we have confirmed to the Receiver (and by copies of that letter to everyone involved in this matter), that while we do not agree with your assessment as to the scope of the receiver's current authority, we have complied with her requests for assistance, information, documentation and funds. Out of an abundance of caution, we will also seek her input on the issue of stipulating to the dismissal of your clients' cases in federal court. Your swipe at Mr. Pham as being <u>delusional</u> (emphasis supplied) is both misplaced and counterproductive to a professional dialogue in this matter. Simply because Mr. Pham disagrees with your view does not make him delusional, any more than Ms. Christiansen is delusional for her disagreement with your view.

Indeed, your own citation to the statute in question confirms that there is at least some question as to the Receiver's authority, since the state court TRO "dissolved" by its very terms on June 25, 2007 and the Receiver, as a state court officer, has no federal jurisdiction or authority to control the business unless and until the federal court enters an order granting her that authority. Thus, while Ms Uecker may, *arguendo*, enjoy the title of Receiver in the case under the extant state court order appointing her, the real question is whether she has the authority to *act* as such pending further order of the Federal Court.

Chris Lucas, Esq.
July 16, 2007
— Page 2 —

While we disagree with your view in this regard, what we really find confusing is your vague suggestion that we and Mr. Pham have "fiduciary" duties, as well as duties of "confidentiality and good faith." We hardly know where to begin with this contention other than to inquire exactly what the scope of these alleged duties are, to whom they are owed, and whether other of the counsel in this matter owe such duties.

As to point No. 3, we have noted before, and do so here again, that while the Docu matter may have been removable, Defendants' failure to do so in light of the settlement of that case did not foreclose them from removing the other actions, which were not consolidated with Docu until May 24, 2007. At best, your argument only applies to the now-dismissed Docu action, and not any of the other consolidated cases.

Regarding your contention that we did not obtain the consent of all served defendants, our review of the court docket and our pre-filing investigation showed that all served defendants assented to removal. If there are defendants who were served, but who do not consent to removal, please identify them so we can investigate this issue further.

As to point No. 4, we have determined that the two case numbers arose from separate removal notices necessitated by the two different cases we had to address in order to perfect removal of the consolidated cases. This hardly constitutes abuse, and since your clients are dismissing their actions in federal court anyway, this does not appear to impact you or them. Nonetheless, we suggest that the matters be consolidated under the earlier filed federal case No. Please let us know if you have a different approach.

As to point No. 5, we agree only to refrain from contacting any parties we know to be represented in the matter. As for unrepresented parties, they contact our respective offices frequently for updates on the situation. We have a 1st amendment right to communicate with such persons, particularly concerning the status of the litigation and litigation-related reorganization of KPG. We also doubtless have a 1st amendment right to share our belief with anyone who may inquire that liability may lie against the lenders and title companies associated with the various KPG affiliated transactions – a belief you yourself have now confirmed you share. There is nothing improper about us sharing a commonly held view of liability simply because we represent a party adverse to the party you represent.

Finally, a couple of miscellaneous points. Your use of the term "sandbag," while colorful, does nothing to provide clarity in this increasingly complex, multifaceted case that involves dozens of plaintiffs and dozens of defendants spanning the width and breadth of the nation.[1] Thus, your warning that we not "sandbag" you lest you renege on your assurances to refrain from defaming myself and Mr. Pham, or heedlessly naming us as party defendants in this action, leaves us with no useful guidance as to how we are to conduct ourselves in this litigation to avoid your drawing such a conclusion.

---

[1] The dictionary definition of sandbag, as slang, means to a) to set upon violently; attack from or as if from ambush; b) to coerce or intimidate, as by threats; [The election committee was sandbagged into nominating the officers for a second term]; c) to thwart or cause to fail or be rejected, esp. surreptitiously or without warning [He sandbagged our proposal by snide remarks to the boss] d) In Poker, to deceive (one or more opponents) into remaining in the pot by refraining from betting on a strong hand, then raising the bet in a later round.

MEHLMAN ✦ TERBEEK LLP
Oakland Office: 2647 International Blvd., Suite 220, Oakland, California 94601
Tel. (510) 689-0140    Fax: (510) 689-0143

Chris Lucas, Esq.
July 16, 2007
— Page 3 —

We cannot speculatively interpret your reference to sandbag. However, if by that term you mean any assertion of a substantive defense, affirmative claim or procedural mechanism that you did not anticipate or which proves advantageous to our clients and/or disadvantageous to your clients, then you overreach. Any agreement to permit you to dismiss your now-federalized claims against K Platinum and its affiliated entities in lieu of a new and different state court action that does not give rise to any claims involving a federal statutory or regulatory scheme does not mean that we will forego asserting a particular substantive defense or claim, or raise a challenge to any particular pleading as, say, a sham or otherwise defective pleading.

We therefore want to be clear that despite any stipulation we may be authorized to make on behalf of KPG regarding dismissal of your clients' claims, we nonetheless reserve the right to assert any valid procedural challenge, substantive defense or affirmative claim to any action asserted against our clients, regardless of whether that procedural challenge, affirmative claim or substantive defense can be raised in response to what remains of the federal action following any dismissal of your clients' claims, or in response to any state court proceeding brought by your clients or any other person or entity.

Please contact me if you have any further questions about this matter.

Very truly yours,
MEHLMAN ♦ TERBEEK LLP

*[signature]*

Marc L. TerBeek


cc: Chris Pham

MEHLMAN ♦ TERBEEK LLP
Oakland Office: 2647 International Blvd., Suite 220. Oakland, California 94601
Tel: (510) 689-0140   Fax: (510) 689-0143