1  STEVEN J. MEHLMAN, ESQ., SBN 95881
   MARC L. TERBEEK, ESQ. SBN: 166098
2  **MEHLMAN ❖ TERBEEK LLP**
   350 N. WIGET LANE, SUITE 150
3  WALNUT CREEK, CA 94598
   (925) 935-3575 (Tel)
4  (925) 935-1789 (Fax)

5  Attorneys for Brenda Michealson
   and Jessica Aranda
6

7

8              **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10 AVIS DOCTOR, CHARI OGOGO,          **CASE NO: C07-03270 JL**
   PAULETTE MAYO, KAREN SMITH,
11 THOMAS STEINBERG AND SUZETTE       **CROSS COMPLAINT OF BRENDA**
   STEINBERG                          **MICHEALSON AND JESSICA ARANDA**
12
              Plaintiffs,
13      vs.
                                      **DEMAND FOR JURY TRIAL**
14 NORTH AMERICAN TITLE COMPANY
   et al.,
15
              Defendants.
16  _____

17 BRENDA MICHAELSON, JESSICA
   ARANDA,
18
              Cross-Complainants,
19      vs.

20 WASHINGTON MUTUAL BANK, INC.,
   OCWEN, NORTH AMERICAN TITLE
21 COMPANY, INC., and DOES 1-50.

22            Cross-Defendants
   _____ /
23

24          I.    **JURISDICTIONAL ALLEGATIONS**

25      1.    Cross-Complainants BRENDA MICHEALSON and JESSICA ARANDA

26 ("Cross-Complainants") bring this action in Federal Court pursuant to the jurisdiction granted

27 under 28 U.S.C. 1332 (Diversity Jurisdiction) and 28 U.S.C. 1441 (Federal Question

28 Jurisdiction).

                              -1-

## II.    PARTIES

2.    Cross-Complainants are, and at all times relevant to this action were, residents of the State of California and at least 18 years of age.

3.    Cross-Complainants are informed and believe and on that basis allege that Cross-Defendant WASHINGTON MUTUAL BANK, INC. is a banking corporation duly organized and operating pursuant to and under the laws of the States of California and Washington, with a principal place of business located in Seattle, Washington.

4.    Cross-Complainants are informed and believe and on that basis allege that Cross-Defendant OCWEN a banking corporation duly organized and operating pursuant to and under the laws of the States of California and Florida, with a principal place of business located in Palm Beach, Florida.

5.    Cross-Complainants are informed and believe and on that basis allege that Cross-Defendant NORTH AMERICAN TITLE CO. is a real estate corporation duly organized and operating pursuant to and under the laws of the States of California and Colorado, with a principal place of business located in Denver Colorado.

6.    Cross-Complainants are informed, believe and thereon allege that at all times herein mentioned each of the Cross-Defendants was the agent of each of the remaining Cross-Defendants, and in doing the things herein alleged, was acting within the course and scope of such agency and with the permission and/or consent and/or ratification of the other Cross-Defendants.

7.    The exact identities and relationships of the DOE Cross-Defendants are presently unknown to Cross-Complainants, who sue said Cross-Defendant by such fictitious names. Cross-Complainants reserve the right to amend this Cross-Complaint when such identities and relationships are ascertained.

## III.    GENERAL ALLEGATIONS

9.    In or about the years 2005-2006, Cross-Complainants, and each of them, obtained mortgage home loans secured by real property held in their name, with Cross-Complainant Michaelson obtaining such loans through Cross-Defendants Washington Mutual and Cross-Complainant obtaining such loans through Cross-Defendant OCWEN.

-2-

10.    In obtaining mortgage home loans secured by real property held in their name  Cross-Complainants, and each of them, requested and/or permitted title searches and other activities associated with the loan transaction to be conducted by Cross-Defendant North American Title Company.

11.    In obtaining mortgage home loans secured by real property held in their name and in  requested and/or permitted title searches and other activities associated with the loan transaction to be conducted by Cross-Defendant North American Title Co., Cross-Complainants, and each of them, relied on representations and other promotional activities by Cross-Defendants that the loan products and related title activities offered by Cross-Defendants were legitimate and not defective or fraudulent in any manner.

12.    In addition to representations and other promotional activities by Cross-Defendants,  Cross-Complainants, and each of them, relied upon Cross-Defendants' general expertise and experience in the industry, as well as their fiduciary and quasi-fiduciary relationships, in  proceeding with the loan transaction and related title activities conducted by Cross-Defendants, and in so doing trusted that Cross-Defendants would exercise care so as to remain in compliance (and permit and/or require Cross-Complainants to remain in compliance) with all applicable laws governing such transactions.

13.    Cross-Defendants, and each of them, in fact failed to comply with  all applicable laws governing the loan transactions involving Cross-Complainants and other persons similarly situated to Cross-Complainants (including the Plaintiffs identified in this action).

14.    Cross-Defendants' failure to comply with  all applicable laws governing the loan transactions involving Cross-Complainants was at best negligent, and at worst knowing, all committed with a design and intent to maximize Cross-Defendants' profits, at the expense of Cross-Complainants.

15.    Among the law governing  Cross-Complainants' loan transactions that Cross-Defendants, and each of them, violated were the Federal Real Estate Settlement & Procedures Act (12 U.S.C. 2601 et seq.), the Federal Home Ownership Loan Act (12 U.S.C. 1461 et seq.), the Federal Unfair or Deceptive Trade Practices Act (15 U.S.C. 45 et seq.), and the Federal Truth in Lending Act & Home Ownership Protection Act (15 U.S.C. 1601 et seq.).

16.     In addition to the violation of federal laws governing  Cross-Complainants' loan transactions, Cross-Defendants, and each of them, also violated numerous state laws, including statutory and common laws relating to fraudulent, unfair or deceptive trade practices.

17.     As a result of Cross-Defendants' conduct, Cross-Complaints suffered economic and non-economic harm in their own right, and have been subjected to suit in the instant action in which they bring this Cross-Complaint.

## IV.  CAUSES OF ACTION

Cross-Complainants state the following causes of action in support for their prayer for relief:

## FIRST CAUSE OF ACTION  -- NEGLIGENCE

18.     Cross-Complainants reallege and incorporate by reference paragraphs 1-17, above, as though fully set forth herein.

19.     Cross-Defendants, and each of them, owed a general duty of care with respect to Cross-Complainants, particularly concerning their duty to properly perform due diligence as to the loan and related title transactions as issues.

20.     Cross-Defendants, and each of them, knew or in the exercise of reasonable care should have known, that the loan transactions involving Cross-Complainants and other persons similarly situated were defective, and would subject them to harm.

21.     As a direct and proximate result of Cross-Defendants' negligence, Cross-Complainants suffered economic and non-economic harm in an amount to be shown according to proof at trial.

## SECOND CAUSE OF ACTION  -- BREACH OF FIDUCIARY DUTY

22.     Cross-Complainants reallege and incorporate by reference paragraphs 1-21, above, as though fully set forth herein.

23.     Cross-Defendants, and each of them, owed Cross-Complainants a fiduciary duty of care with respect to the mortgage loan transactions and related title activities involving the real property Cross-Complaints held in their names.

///.

///.

-4-

1   24.   Cross-Defendants breached their duties to Cross-Complainants by, inter alia,

2  failing to ensure their own and Cross-Complainants compliance with all applicable laws

3  governing the loan transactions in which they were involved, including but not limited to the

4  Federal Real Estate Settlement & Procedures Act (12 U.S.C. 2601 et seq.), the Federal Home

5  Ownership Loan Act (12 U.S.C. 1461 et seq.), the Federal Unfair or Deceptive Trade Practices

6  Act (15 U.S.C. Section 45 et seq.), and the Federal Truth in Lending Act & Home Ownership

7  Protection Act (15 U.S.C. 1601 et seq.).

8   25.   As a direct and proximate result of Cross-Defendants' negligence, Cross-

9  Complainants suffered economic and non-economic harm in an amount to be shown according to

10  proof at trial.

11   **THIRD CAUSE OF ACTION – CONTRIBUTION & INDEMNITY**

12   26.   Cross-Complainants reallege and incorporate by reference paragraphs 1-25,

13  above, as though fully set forth herein.

14   27.   As a direct and proximate result of Cross-Defendants wrongful conduct, as

15  alleged herein, Cross-Complainants have been subjected to suit by third persons, including

16  persons similarly situated to Cross-Complainants.

17   28.   In the event that Cross-Complainants are determined to be liable, in whole or in

18  part, for damages to such persons, Cross-Complainants, and each of them, are entitled to

19  equitable indemnity and/or contribution by and from Cross-Defendants and each of them.

20   **V.   PRAYER**

21  Cross-Complainants seek the following relief:

22   •   Compensation for all economic harm caused by Cross-Defendants' conduct;

23   •   Compensation for all non-economic harm cause by Cross-Defendants' conduct;

24

25   •   Equitable indemnity and/or contribution from Cross-Defendants

   •   Attorneys fees;

26   •   Prejudgment Interest;

27   •   Punitive Damages;

28   •   Such other relief as the Court deems proper and just.

-5-

1

## **DEMAND FOR JURY TRIAL**

2    Cross-Complainants hereby demand a trial by jury of each of the causes of action set forth

3  in this Cross-Complaint.

4  Dated: July 19, 2004                                  MEHLMAN ❖ TERBEEK LLP

5

6

7                                                        By:_____

8                                                            Marc L. TerBeek
                                                             Attorneys for Brenda Michaelson/Jessica Aranda

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

1

**PROOF OF SERVICE**
[C.C.P. §§ 1013, 2015.5, 2008]

2

3

Re:    Avis Doctor, et al. v. Northern American Title Co., et al.
       United States District Court - Northern District of California Case No. C07-03270 JL

4

I, Phyllis L. Thomas, am a citizen of the United States and employed in Contra Costa County, California. I am over the age of eighteen years and not a party to the within action. My business address is 2125 Oak Grove Road, Suite 125, Walnut Creek, CA 94598. On July 20, 2007 I served:

5

6

Cross Complaint of Brenda Michaelson and Jessica Aranda

7

___    by MAIL as follows: by causing a true copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid, to be placed in the United States Post Office mail box at Walnut Creek, California, addressed as indicated below. (I am readily familiar with this business' practice of collecting and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day in the ordinary course of business).

8

9

10

___    by OVERNIGHT MAIL causing a true copy thereof to be placed in FEDERAL EXPRESS MAIL on Oak Grove Road, in Walnut Creek, CA before the final collection time, addressed as indicated below following ordinary business practice, said practice being that in the ordinary course of business, correspondence is deposited in the Federal Express Depository on the same day as it is placed for processing.

11

12

13

14

___    by FACSIMILE as follows: I caused the said document to be transmitted by Facsimile machine to the addressee(s) at their fax numbers indicated below. The Facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2005(i), I caused the machine to print a transmission record of the transmission.

15

16

17

___    By HAND DELIVERY as follows: by causing a true copy thereof enclosed in a sealed envelope and hand delivered on this date as set forth below upon said person.

18

19

_X_    By ELECTRONIC FILING TRANSMISSION LexisNexis as follows: by causing a true copy of said document to be transmitted by electronic transmission to the addressee(s) at their address as stated therein on this date as set forth below upon said person.

20

21

SEE ATTACHED SERVICE LIST

22

23

I declare under penalty of perjury under the laws of the State of California that the foregoing is

24

true and correct, and that this Declaration was executed on July 20, 2007, at Walnut Creek, California.

25

26

_____
Phyllis L. Thomas

27

28

Service List

Ronald W Carter
2201 Broadway, Suite 815
Oakland, CA 94614

Rober J Scott Jr
SCHWARTZ & CERA LLP
44 Montgomery St., Suite 3850
San Francisco, CA 94104

Jesse Clyde Ralph
54 Macondray Lane
San Francisco CA 94133

Newell Walker
160 Delgado Court
Vallejo CA 94591

Christopher R Lucas
Law Offices of Goforth & Lucas
2300 Clayton Road, Suite 1460
Concord, CA 94520

V Elizabeth Grayson
888 Seventh Avenue 45th Fl
New York NY 10106

David L. Roth
Law Offices of David L. Roth
One Kaiser Plaza, Suite 601
Oakland CA 94501