```
Ronald W. Carter, Bar No. 107935
2201 Broadway, Suite 815
Oakland, CA 94612-1604
Telephone: (510) 465-6500
Facsimile: (510) 465-1330

Attorney for Plaintiffs
Dorothy Daniels, et al.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVIS DOCTOR, et al., | Case No. C 07-03270 JL |
| Plaintiffs, | DECLARATION OF RONALD W. CARTER IN SUPPORT OF MOTION TO REMAND TO STATE COURT |
| v. | |
| NORTH AMERICAN TITLE COMPANY, INC., et al. | Date: August 28, 2007<br>Time: 9:30 a.m.<br>Ctrm: F |
| Defendants. | |

I, Ronald W. Carter, declare:

1. I am an attorney duly admitted and licensed to practice before this court and before the courts of the State of California. I have personal knowledge of the matters stated in this declaration and I could competently testify thereto if called as a witness.

- 1

2. I am the attorney of record for the plaintiffs in <u>Daniels v. K. Platinum</u> (Case No. MSC07-00483), <u>Ervin v. K. Platinum</u> (Case No.MSC07-00484), <u>Perkins v. K. Platinum</u> (Case No. MSC07-00485), and <u>Wilson v. K. Platinum</u> (Case No. MSC07-00486). Each of these cases was filed on March 12, 2007 in the Contra Costa County Superior Court for the State of California. Defendant K. Platinum was served on May 1, 2007 and defendant Kanya Coleman was sub-served on May 18, 2007. Defendants served their answer on June 1, 2007.

3. Each of the complaints filed by Daniels, Ervin, Perkins, and Wilson contain a cause of action for breach of contract, a cause of action for common counts, and a cause of action for fraud. These claims are all based on state law and there is no basis with respect to any of these cases for this court to exercise original jurisdiction.

4. The first case management conference was held on April 27, 2007. The court designated <u>Sarubin v. K. Platinum</u> (Case No. MSC07-00049), <u>Docu v. Coleman</u> (Case No. MSC07-00080), <u>Walker v. K. Platinum</u> (Case No. MSC07-00106), <u>Braden v. Coleman</u> (Case No. MSC07-00454), and the cases filed by Daniels, Ervin, Perkins, and Wilson, as being complex litigation. The court ordered that it would coordinate discovery with respect to all of the cases, made certain orders regarding discovery, and scheduled a further

case management conference for May 24, 2007.

5. The second case management conference was held on May 24, 2007. The court opened discovery to allow defendants to serve some basic interrogatories regarding plaintiffs' damages and allowed plaintiffs to depose defendant Coleman and to serve her with a request for production of documents. A further case management conference was scheduled for June 8, 2007.

6. On May 29, 2007, plaintiff Daniels filed an ex parte application for an order to show cause why a receiver should not be appointed for K. Platinum Group, Inc. and its subsidiaries, for a temporary restraining order pending a hearing and for a preliminary injunction after the hearing.

7. Attached hereto as Exhibit 1 is a true and correct copy of the order to show cause and temporary restraining order that was issued on May 29, 2007.

8. A hearing was held on June 1, 2007, at which time the court ordered that a receiver would be appointed. Attached hereto as Exhibit 2 is a true and correct copy of the order appointing Susan Uecker as the receiver that was filed on June 6, 2007.

9. The third case management conference was held on June 8, 2007. Defendants advised the court they had served

plaintiffs with interrogatories and requests for production of documents. The court further opened discovery to allow plaintiffs to serve defendants with interrogatories and requests for production of documents. The court made further discovery orders, ordered that all of the cases against K. Platinum and Kanya Coleman were being consolidated, and scheduled a further case management conference for June 25, 2007.

10. Attached hereto as Exhibit 3 is a true and correct copy of the court's order filed June 11, 2007 consolidating 11 cases against K. Platinum.

11. Defendants' notice of removal in this case (<u>Levesque</u>) was filed on June 21, 2007. The next day, on June 22, the plaintiffs in <u>Levesque</u> requested that the 10th cause of action of their complaint be dismissed. A true and correct copy of the request for dismissal is attached hereto as Exhibit 4.

12. Attached hereto as Exhibit 5 is a true and correct copy of the reporter's transcript from the proceedings that were held in the state court on June 25, 2007.

13. After the proceedings on June 25, 2007, I asked Mr. Terbeek and Christopher Pham, the attorney for defendant Coleman, to stipulate to a remand because plaintiffs Levesque and Roach had requested that their RICO claims be dismissed. Christopher Lucas, the attorney for Levesque and Roach, also

requested the stipulation and pointed out that judicial economy required the cases to be remanded. Notwithstanding these arguments, Mr. Pham flatly refused to stipulate to remand. Mr. Terbeek said he would look into whether might be other bases on which federal jurisdiction could be premised. I advised Mr. Pham and Mr. Terbeek that if there was no basis for federal jurisdiction and if defendants did not stipulate to a remand, plaintiffs would seek sanctions if it became necessary to file a motion.

14. Attached hereto as Exhibit 6 is a true and correct copy of a letter dated July 6, 2007 from Marc L. Terbeek, the attorney for K. Platinum Group, Inc., to the receiver, Susan Uecker.

15. Attached hereto as Exhibit 7 is a true and correct copy of a letter dated July 13, 2007 from Shawn M. Cristianson, the attorney for Ms. Uecker, to Mr. Terbeek.

16. Pursuant to the court's order of June 6, plaintiff Daniels posted a temporary restraining order bond under CCP § 529 in the amount of $1,000.00.

17. Attached hereto as Exhibit 8 is a true and correct copy of the receiver's oath and her bond.

18. Attached hereto as Exhibit 9 is a true and correct

copy of the request for dismissal in Docu. The attorney for the plaintiffs in Docu, Thomas Eastridge, has advised me that the clerk of the court has not filed or entered the dismissal because of the suspension of the state court's jurisdiction.

19. On July 12, 2007, I again asked Mr. Terbeek to stipulate to a remand. He refused to do so on the grounds that even though plaintiffs Levesque and Roach have requested that the only federal claim be dismissed, the other plaintiffs *could* allege violations of federal security laws and that because of this possibility, he believed federal question jurisdiction exists.

20. I pointed out to Mr. Terbeek during our conversation on July 12 that defendants had not stipulated to violations of federal statutes, that the complaints filed by Daniels, Ervin, Perkins, and Wilson contain no allegations that any federal laws have been violated, and explained that *defendants* could not amend plaintiffs' complaints or otherwise dictate what allegations were being made so as to manufacture federal court jurisdiction. In spite of these arguments, Mr. Terbeek refused to stipulate to a remand. I advised him that plaintiffs would therefore have no alternative but to file a motion to remand.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that

1  this declaration was executed on July 23, 2007 at Oakland,
2  California.

_____
Ronald W. Carter