

Case 3:07-cv-03270-MJJ   Document 16-6   Filed 07/24/2007   Page

# EXHIBIT 5

```
 1            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
 2                 IN AND FOR THE COUNTY OF CONTRA COSTA
 3              HONORABLE DAVID B. FLINN, JUDGE, PRESIDING
 4                              DEPARTMENT 6
 5
 6   BRUCE SARUBIN, an individual,    )
 7              Plaintiff,            )
 8        vs.                         )  No. C07-00049
 9   K PLATINUM GROUP, INC., a        )
10   California Corporation, et al., )
11              Defendants.           )
12                                    )
13
14
15
16              REPORTER'S TRANSCRIPT OF PROCEEDINGS
17                          JUNE 25, 2007
18                 COURTHOUSE, MARTINEZ, CALIFORNIA
19
20
21
22
23
24
25
26
27
28
```

```
 1                    A P P E A R A N C E S
 2   For K PLATINUM GROUP, INC.:
 3         MEHLMAN TERBEEK LLP
 4         BY:   MARC L. TERBEEK
 5         2125 Oak Grove Road, Suite 125
 6         Walnut Creek, California 94598-2534
 7
 8   For JIMMIE T. BRADEN:
 9         LAW OFFICES OF JESSE C. RALPH
10         BY:   JESSE C. RALPH
11         54 Macondray Lane
12         San Francisco, California 94133
13
14   For CHARMAINE BENNETT:
15         LAW OFFICES OF VIOLET E. GRAYSON
16         BY:   VIOLET E. GRAYSON
17         270 9th Avenue
18         San Francisco, California 94118
19
20   For HEMWATTIE DOCU and THEODORE DOCU:
21         LAW OFFICES OF THOMAS EASTRIDGE
22         BY:   THOMAS EASTRIDGE
23         One Kaiser Plaza, Suite 601
24         Oakland, California 94612-3611
25
26
27
28
```

```
 1              A P P E A R A N C E S (continued)
 2   For DOROTHY DANIELS, THEATRIS ERVIN, RENDY LOLA PERKINS, DONNA
 3   WILSON:
 4          LAW OFFICES OF RONALD W. CARTER
 5          BY:  RONALD W. CARTER
 6          2201 Broadway, Suite 815
 7          Oakland, California 94612-3024
 8
 9   For AVIS DOCTOR:
10          GOFORTH & LUCAS
11          BY:  CHRISTOPHER R. LUCAS
12          2300 Clayton Road, Suite 1460
13          Concord, California 94520
14
15   For COLEMAN DEFENDANTS:
16          GAREEB - PHAM
17          BY:  CHRISTOPHER Q. PHAM
18          707 Wilshire Boulevard, Suite 5300
19          Los Angeles, California 90017
20
21   For NEW YORK LIFE:
22          BARGER & WOLEN
23          BY:  JOHN R. STEDMAN
24          650 California Street, 9th Floor
25          San Francisco, California 94108-2713
26
27   In Propria Persona:
28          NEWELL WALKER
```

VALERIE S. PRINCE - CERTIFIED SHORTHAND REPORTER #7946

4

1           A P P E A R A N C E S (continued)
2   For NORTH AMERICAN TITLE COMPANY:
3        STEYER, LOWENTHAL, BROODROOKAS, ALVAREZ & SMITH
4        BY:   EDWARD E. SMITH         (appeared via Court Call)
5        One California Street, Suite 300
6        San Francisco, California 94111
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

VALERIE S. PRINCE - CERTIFIED SHORTHAND REPORTER #7946

5

```
1    JUNE 25, 2007                                    10:14 a.m.
2                           ---oOo---
3                     P R O C E E D I N G S
4         THE COURT:  Good morning, ladies and gentlemen.
5         ALL COUNSEL:  Good morning, your Honor.
6         THE COURT:  We'll call the K Platinum cases,
7    although it appears to me that we may be here but not be here.
8    Let's get counsels' appearances on the record at least to show
9    that we weren't off doing something else today.
10        MR. PHAM:  Good morning, your Honor, Christopher
11   Pham specially appearing today for defendant Coleman.
12        MR. TERBEEK:  Marc TerBeek specially appearing today
13   for defendant K Platinum et al.
14        MR. EASTRIDGE:  Good morning, your Honor, Thomas
15   Eastridge appearing on behalf of the Docu plaintiffs.
16        MR. CARTER:  Good morning, your Honor, Ronald Carter
17   for plaintiffs Daniels, Ervin, Perkins, and Wilson.
18        MR. LUCAS:  Your Honor, Chris Lucas for Avis Doctor,
19   Chari Ogogo, et al., and two other plaintiffs.
20        MR. SMITH:  Good morning, your Honor, Edward Smith
21   for North American Title Company in the Avis Doctor matter.
22   We have not yet filed an appearance.
23        THE COURT:  Right.
24        MR. RALPH:  Good morning, your Honor, Jesse Ralph on
25   behalf of Jimmy T. Braden, a plaintiff.
26        MS. GRAYSON:  Violet Grayson for plaintiff Charmaine
27   Bennett.
```

28        MR. NEWELL WALKER:  Newell Walker, pro per.

VALERIE S. PRINCE - CERTIFIED SHORTHAND REPORTER #7946

6

1        MR. STEDMAN:  And Russ Stedman in the Bennett case
2   only.
3        THE COURT:  Well, it appears to me, and I'll hear
4   from anybody that thinks we should be talking about it, that
5   this court had ordered consolidation of these cases and then
6   subsequently based upon a diversity situation with at least a
7   party -- at least one party in the cases, I guess the Doctor
8   case, at least the defendant K Platinum has filed a notice of
9   removal, which, as you all know, removes the case until
10  remanded by the federal court back here.
11       MS. GRAYSON:  Yeah.
12       THE COURT:  I have very little doubt that almost any
13  federal judge I've ever heard of will remand it back.
14       MS. GRAYSON:  Your Honor --
15       THE COURT:  But when is another question.
16       MS. GRAYSON:  May I be heard on this point?
17       THE COURT:  Yeah.
18       MS. GRAYSON:  My understanding, first of all, is
19  that I don't think my case was removed.  Certainly, my
20  client's name was not on the list of the removed cases as a
21  plaintiff.  And the nature of the -- the removal was not based
22  on diversity jurisdiction.  It was based exclusively on the
23  fact that some of the cases --
24       THE COURT:  I didn't read it carefully.
25       MS. GRAYSON:  Some of the cases, by no means all of
26  the cases, some of the cases had a federal Rico claim.  My

```
27   case, for example
28              THE COURT:  You're right.
```

VALERIE S. PRINCE - CERTIFIED SHORTHAND REPORTER #7946

7

```
 1              MS. GRAYSON:  My case, for example, is exclusively
 2   state --
 3              THE COURT:  I read that too.
 4              MS. GRAYSON:  -- causes of action.
 5              THE COURT:  Well, that's not the issue, is it?
 6              MS. GRAYSON:  Well, the way I would suggest
 7   resolving this so as not to allow the defendants to, you know,
 8   slip away from the receiver, slip away from the restraining
 9   order, avoid all of this for some period of weeks while their
10   federal litigation to get it remanded, I think the way to deal
11   with it is to simply unconsolidate the cases that had the Rico
12   claims.  The lawyers --
13              THE COURT:  Let's take it a step at a time.
14              MS. GRAYSON:  The lawyers --
15              THE COURT:  Counsel, let me talk, okay?
16              MS. GRAYSON:  Sorry.
17              THE COURT:  Your proposition is fine if the law
18   supports it.  If you can give me a citation that a case that's
19   been consolidated is not entirely removed, I have my pencil
20   ready.
21              MS. GRAYSON:  I don't think that my case -- my
22   client isn't even listed as a plaintiff in the removal
23   complaint.  I don't see how I've been removed.
24              MR. PHAM:  They are, your Honor.
25              THE COURT:  If a case is consolidated, it would
26   appear to me that the entire case is removed.
```

```
27            MR. CARTER:  I'd like to --
28            THE COURT:  I'm not saying that the court -- the
```

VALERIE S. PRINCE - CERTIFIED SHORTHAND REPORTER #7946

8

```
1    federal court wouldn't immediately chop off everybody that
2    does haven't a Rico claim and send it back here probably
3    within -- you know, as soon as your motion gets filed, but I
4    think that's the law.
5            It seems to me -- I have nothing -- you know,
6    certainly intelligence tells us that unconsolidated cases that
7    don't have Rico claims makes sense.  The question is, do I
8    have jurisdiction to unconsolidate after the removal has
9    occurred?
10           MR. CARTER:  Your Honor, I have a question for at
11   least the defense attorneys.  I wasn't clear from the papers
12   they filed whether they were trying to remove all these cases
13   or whether they were trying to just remove the two cases that
14   contained these federal questions.  And if I could get some
15   clarification on that, that might answer part of our issue
16   here.
17           MR. RALPH:  I would join in both the comments of
18   Ms. Grayson and Mr. Carter, and the issue is that, your Honor,
19   one part of it is that it wasn't filed in the lead case which
20   the court has designated as 00049, which is the Sarubin case.
21           MR. TERBEEK:  Your Honor, the fact -- to answer the
22   question, intendment and the effect actually was to remove the
23   entire consolidated cases in every single one.
24           MR. CARTER:  Then another question would be now that
25   counsel for the two cases that do have these federal questions
```

26  have dismissed the causes of action that pertain to Rico such
27  that they're no longer there, there is no further basis for
28  removal, perhaps they would be willing to stipulate that it's

VALERIE S. PRINCE - CERTIFIED SHORTHAND REPORTER #7946

9

1   a moot question now.
2          MR. TERBEEK: And we're not willing to stipulate at
3   this point, your Honor, because there's no jurisdiction in
4   this court to do so. We'll analyze that --
5          THE COURT: That's fine. I think your remedy,
6   because you've got counsel here, is to make that offer to both
7   counsel and then seek sanctions from them as counsel for
8   making you go to the federal court and make your motion. I
9   think you'd be entitled.
10         If the jurisdiction is gone, it's gone. I mean,
11  every other removal case we've had, we've just sat on our
12  hands and waited for that order from the federal court. It's
13  usually back in about 3 to 4 weeks.
14         MR. CARTER: And there's serious questions about the
15  timeliness of all this, especially with respect to cases where
16  answers have been filed and appearances have been made.
17         MR. LUCAS: Well, one other issue for us also is
18  just that there's a lot of cases out for service that would
19  require people to respond in state court. But there is going
20  to be a hiatus. We'll make the motion to remand. That's the
21  only thing we can do at this point.
22         THE COURT: I think it is.
23         MS. GRAYSON: Your Honor, there is another
24  possibility.
25         THE COURT: And I think the receiver was appointed

Page 9

```
26    before this so there's a receiver.  The receiver doesn't lose
27    jurisdiction.  The receiver's still in.
28              MS. GRAYSON:  So your understanding is the receiver
```

VALERIE S. PRINCE - CERTIFIED SHORTHAND REPORTER #7946

10

```
1     will go forward?
2               MR. PHAM:  Well, will go forward providing
3     procedural prerequisites have been met.  Without those,
4     posting the bonds --
5               THE COURT:  I believe they posted a bond.
6               MR. PHAM:  I have not received any notice from
7     anyone concerning any bonds posted.
8               MR. CARTER:  Everything is done by e-mail and
9     electronic filing, Mr. Pham.  You've been served with it.
10    It's on the court's website.
11              THE COURT:  My copy came across.
12              MR. PHAM:  I'll check for it, including the receiver
13    bond.  There is no order for that.
14              MR. CARTER:  There's no order for the receiver bond.
15              MR. PHAM:  It's a $150,000 bond.
16              MR. CARTER:  The court has not ordered any bond for
17    a receiver.  You mean by the receiver itself?
18              MR. PHAM:  By the receiver, correct.
19              MR. CARTER:  Okay.
20              MS. GRAYSON:  I guess if the receiver's going
21    forward and the temporary restraining order remains in place
22    so that the assets can't be dissipated, it's not a terribly
23    urgent problem.
24              THE COURT:  I think that's right.  And TRO, of
```

```
25   course, remains.  Removal means, you know, you don't remove
26   the part that favors somebody and leave the part that doesn't,
27   I mean.  You pick up the whole package and move it over and
28   put it down.
```

VALERIE S. PRINCE - CERTIFIED SHORTHAND REPORTER #7946

11

```
 1              MR. PHAM:  Your Honor, my understanding of the TRO
 2   is that it dissolves today.
 3              THE COURT:  Is that what?
 4              MR. PHAM:  Is that it dissolves today.
 5              THE COURT:  It doesn't dissolve with the removal.
 6   The removal freezes it.  The removal freezes it.
 7              MR. PHAM:  No, no, I understand that.  I'm not
 8   talking about the removal, your Honor.  I'm saying based upon
 9   the ex parte order and the motion set forth in this case that
10   today was the final hearing on the appointment of the
11   receiver, and TRO, by operation of law, automatically expires
12   today.
13              THE COURT:  No, it doesn't.  Don't be silly.
14   Everybody in an unlawful detainer case would move to the
15   federal court the last day, wouldn't they?
16              MR. PHAM:  I'm not talking about the removal,
17   your Honor.  I'm talking about once the receiver's appointed,
18   a TRO dissolves, and the receiver assumes the authority of the
19   case.
20              THE COURT:  Well, I never intended the TRO to
21   dissolve because a receiver's appointed.
22              MR. PHAM:  That's my understanding of your order.  I
23   mean, if I stand corrected, I seek some clarification from the
24   court because I thought that TRO resolves on the day of the
```

Page 11

25  hearing, which is today.  The receiver picks up the pieces and
26  operates the company.
27         THE COURT:  If you had not removed the case to the
28  federal court, I would have a hearing today on the preliminary

VALERIE S. PRINCE - CERTIFIED SHORTHAND REPORTER #7946

12

1   injunction that replaces the TRO.  The removal has frozen the
2   case so that that preliminary injunction hearing would occur
3   in the federal court if and when the federal court schedules
4   it or when they send it back when I schedule it.  That doesn't
5   seem to me to be a difficult question.
6          Well, I can't set another date.  In a removal case
7   we just wait for the paperwork or a stipulation.  As I say, it
8   makes a lot of sense.  I hope, counsel, you recognize that
9   you've got higher duties than just the duty to your client,
10  and if the case doesn't belong in the federal court, this
11  court expects you to act as officers of this court.
12         MR. TERBEEK:  Understood, your Honor.
13         MR. PHAM:  Understood.
14         THE COURT:  Thank you, everybody.
15         ALL COUNSEL:  Thank you, your Honor.
16         (The matter concluded, 10:17 a.m.)
17                       ---oOo---
18
19
20
21
22
23

8  the proceedings in the within-entitled matter, BRUCE SARUBIN,
9  Plaintiff, versus K PLATINUM GROUP, INC., Defendants, Superior
10 Court Action Number C07-00049, heard before the Honorable
11 DAVID B. FLINN, JUDGE, on JUNE 25, 2007, and that I thereafter
12 transcribed my stenotype notes into typewriting through
13 computer-assisted transcription, and that the foregoing
14 transcript constitutes a full, true, and correct transcription
15 of the proceedings held at the aforementioned time.
16      IN WITNESS WHEREOF, I have hereunto subscribed my
17 name this day, July 16, 2007.
18
19
20
21
22                          VALERIE S. PRINCE
23                     Certified Shorthand Reporter #7946

```
24
25
26
27
28
```

VALERIE S. PRINCE - CERTIFIED SHORTHAND REPORTER #7946

13

```
1   STATE OF CALIFORNIA )
2                       ) ss.
3   CONTRA COSTA COUNTY )
4
5
6           I, VALERIE S. PRINCE, Certified Shorthand Reporter,
7   do hereby certify that as such I took down in stenotype all of
```

24
25
26
27
28

VALERIE S. PRINCE - CERTIFIED SHORTHAND REPORTER #7946