Ronald W. Carter, Bar No. 107935
2201 Broadway, Suite 815
Oakland, CA 94612-1604
Telephone: (510) 465-6500
Facsimile: (510) 465-1330

Attorney for Plaintiffs
Dorothy Daniels, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVIS DOCTOR, et al., | ) Case No. C 07-03270 JL |
| Plaintiff, | ) MEMORANDUM OF POINTS AND |
| | ) AUTHORITIES IN SUPPORT OF MOTION |
| v. | ) TO REMAND TO STATE COURT |
| NORTH AMERICAN TITLE COMPANY, | ) Date: August 28, 2007 |
| INC., et al., | ) Time: 9:30 a.m. |
| | ) Ctrm: F |
| Defendants. | ) |

TABLE OF CONTENTS

| | | PAGE |
|---|---|---|
| I. | STATEMENT OF ISSUES TO BE DECIDED | 1 |
| II. | STATEMENT OF FACTS | 2 |
| III. | ARGUMENT | 6 |
| | A. Defendants Have the Burden of Proof Regarding Removal | 7 |
| | B. The Timeliness of the Petition | 7 |
| | C. Plaintiffs Have Requested Dismissal of the RICO Claims | 8 |
| | D. The State Law Claims Predominate | 9 |
| | E. Economy, Fairness, and Comity Militate Against Removal | 10 |
| | F. There Are Other Reasons for Declining Jurisdiction | 12 |
| IV. | CONCLUSION | 15 |

# TABLE OF AUTHORITIES

**CASES**                                      **PAGE**

California Ex Rel Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) .................. 7

City & County of San Francisco v. Assessment Appeals Bd. for the City & County of San Francisco, No. 1, 122 F.3d 1274, 1277 (9th Cir. 1997). .................. 12

Executive Software North America, Inc. v. United States District Court, 24 F.3d 1545, 1554 (9th Cir. 1994) .................. 10

Harvey v. Alameda County Medical Center, 280 F. Supp. 2d 960, 980 (N.D. Cal. 2003). .................. 8

Hawthorne Savings v. Reliance Insurance Co., 421 F.3d 835, 852 (9th Cir. 2005) .................. 12

Jenkins v. Commonwealth Land Title Ins. Co., 95 F.3d 1372, 1378 (9th Cir. 1997) .................. 13

Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 348-49 (1999). .................. 7

Resolution Trust Corporation v. Bayside Developers, 43 F.3d 1220, 1238 (9th Cir. 1995) .................. 6

San Pedro Co., Inc. v. City of Los Angeles, 159 F.3d 470, 478 (9th Cir. 1998) .................. 9

Shamrock Oil v. Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941) .................. 7

Walker v. Gunn, 511 F.2d 1024, 1026 (9th Cir. 1975) .......... 7

**STATUTES**     **PAGE**
28 U.S.C. § 1367(c)(2) .......... 9
28 U.S.C. § 1367(c)(3) .......... 8
28 U.S.C. § 1367(c)(4) .......... 12
28 U.S.C. § 1446(b) .......... 7
28 U.S.C. § 1446(d) .......... 6
28 U.S.C. § 1450 .......... 13, 14

Ronald W. Carter, Bar No. 107935
2201 Broadway, Suite 815
Oakland, CA 94612-1604
Telephone: (510) 465-6500
Facsimile: (510) 465-1330

Attorney for Plaintiffs
Dorothy Daniels, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVIS DOCTOR, et al., | ) Case No. C 07-03270 JL |
| Plaintiff, | ) MEMORANDUM OF POINTS AND ) AUTHORITIES IN SUPPORT OF MOTION |
| v. | ) TO REMAND TO STATE COURT |
| NORTH AMERICAN TITLE COMPANY, INC., et al. | ) Date: August 28, 2007 ) Time: 9:30 a.m. ) Ctrm: F |
| Defendants. | ) |

I.

STATEMENT OF ISSUES TO BE DECIDED

The issues to be decided are: (1) whether defendants have the burden of proving removal is appropriate; (2) whether defendants removal petition is timely with respect to plaintiffs Daniels, Ervin, Perkins, and Wilson; (3) whether there is any

1

basis for this court's original jurisdiction in light of plaintiffs' request to dismiss the only federal claim alleged; (4) whether the pendent state law claims substantially predominate thereby making it appropriate for this court to decline to exercise supplemental jurisdiction over those claims; and (5) whether there are other circumstances which justify the court's refusal to exercise its supplemental jurisdiction.

## II.

## STATEMENT OF FACTS

On March 12, 2007, complaints were filed by Dorothy Daniels, Theartris Ervin, Rendy Lola Perkins, and Donna Wilson against K. Platinum Group, Inc., Kanya Coleman, and Jorie Wright. These complaints were filed in the Contra Costa County Superior Court of the State of California as Case Nos. MSCS07-00483, MSCS07-00484, MSCS07-00485, and MSCS07-00486. Declaration of Carter, ¶ 2.

Each of the complaints filed by Daniels, Ervin, Perkins, and Wilson contain a cause of action for breach of contract, a cause of action for common counts, and a cause of action for fraud. These claims are all based on state law and there is no basis with respect to any of these cases for this court to

exercise original jurisdiction. Declaration of Carter, ¶ 3.[1]

The first case management conference was held on April 27, 2007. The court designated Sarubin, Docu, Walker, Braden, Daniels, Ervin, Perkins, and Wilson, as being complex litigation and ordered that it would coordinate discovery with respect to all of the cases. The court made certain orders regarding discovery and scheduled a further case management conference for May 24, 2007. Declaration of Carter, ¶ 4.

The second case management conference was held on May 24, 2007. The court opened discovery to allow defendants to serve some basic interrogatories regarding the amount of plaintiffs' claims and allowed plaintiffs to depose defendant Coleman and to serve her with a request for production of documents. A further case management conference was scheduled for June 8, 2007. Declaration of Carter, ¶ 5.

On May 29, 2007, plaintiff Daniels filed an ex parte application for an order to show cause why a receiver should not be appointed for K. Platinum Group, Inc. and its subsidiaries, for a temporary restraining order pending the hearing on June 1, 2007, and for a preliminary injunction after the hearing. Declaration of Carter, ¶ 6.

---

[1] The same is true with respect to the complaints in Sarubin, Walker, Braden, and Bennett.

On May 29, 2007, the state court issued an order to show cause to K. Platinum Group, Inc. and Kanya Coleman to appear on June 1, 2007 and give any legal reason why a receiver should not be appointed. The court further issued a temporary restraining order which required defendants to refrain from wasting the property, diverting rent, selling, transferring, disposing, encumbering, or concealing the property without a prior court order, and requiring defendants to refrain from doing any act that will impair the preservation of the property or plaintiff's interest in the property. Declaration of Carter, Exhibit 1.

Defendant K. Platinum was served with copies of the summons and complaint on May 1, 2007 and defendant Kanya Coleman was sub-served on May 18, 2007. Defendants filed their answer to the complaint on June 1, 2007. Declaration of Carter, ¶ 2.

A hearing was held on June 1, 2007, at which time the court ordered that a receiver would be appointed. Declaration of Carter, ¶ 8. The court's order appointing the receiver was filed on June 6, 2007 along with another temporary restraining order and an order to show cause to the defendants to appear on June 25, 2007 and give any legal reason why the receiver should not be confirmed to take possession of certain property, manage the property, and to further give any legal reason why defendants should not be prohibited from controlling or

receiving any income from the property. Declaration of Carter, Exhibit 2.

The third case management conference was held on June 8, 2007. Defendants advised the court that they had served plaintiffs with interrogatories and requests for production of documents. The court further opened discovery to allow plaintiffs to serve all defendants with interrogatories and demands for production of documents. The court made further discovery orders, ordered that all of the cases against K. Platinum and Kanya Coleman were being consolidated, and scheduled a further case management conference for June 25, 2007. Declaration of Carter, ¶ 9.

On June 11, 2007, the state court's order consolidating 11 cases against K. Platinum Group was filed. The order for consolidation is "without prejudice to the right of a party to request separation for purposes of trial." Declaration of Carter, Exhibit 3.

On June 21, 2007, defendants filed a notice of removal in Levesque, et al., v. Coleman, et al. (Case No. MSC0701018) and in Doctor, et al., v. North American Title Company, et al. (Case No. MSC0701016). The complaint in Levesque alleges 11 causes of action, one of which (the tenth cause of action) alleges a violation of 18 U.S.C. Section 1961, the Racketeer Influenced

and Corrupt Organizations Act (RICO).

On June 22, 2007, the plaintiffs in this case, Amy Levesque and George Roach, requested that the tenth cause of action in their complaint be dismissed. Declaration of Carter, Exhibit 4. The clerk of the court would have routinely filed and entered the dismissal but could not do so because the filing of the notice of removal suspended the state court's jurisdiction. 28 U.S.C. § 1446(d); Resolution Trust Corporation v. Bayside Developers, 43 F.3d 1220, 1238 (9th Cir. 1995).[2]

At the case management conference and hearing on the order to show cause that was held on June 25, 2007, the court noted that defendants had filed a notice of removal in Levesque and a notice of removal in Doctor. The court ruled that because all 11 cases were consolidated, the removal of Levesque and Doctor resulted in the removal of all 11 cases. RT 7:25-26.[3]

The court also ruled on June 25, 2007 that the removal did not affect the receiver and that the temporary restraining order that had been issued on June 6, 2007 remained in place. RT 9:25-12:5.

### III.

### ARGUMENT

---

[2] On July 10, 2007, the plaintiffs in Docu requested that their complaint be dismissed. Declaration of Carter, Exhibit 9. Their request for dismissal has not been filed or entered for the same reasons. Declaration of Carter, ¶ 18.

A.  Defendants Have the Burden of Proof Regarding Removal

If the plaintiff challenges the removal by filing a motion to remand, the party seeking to remove the case bears the burden of proving that removal is proper. California Ex Rel Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

Moreover, the federal courts construe questions of removal narrowly and resolve any doubts against removal. California Ex Rel Lockyer v. Dynegy, Inc., supra at 838; Shamrock Oil v. Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941).

B.  The Timeliness of the Petition

In order to remove a case to federal court, a defendant must file a notice of removal within 30 days of receiving the summons and complaint. 28 U.S.C. § 1446(b); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 348-49 (1999).

As far as the time for removal is concerned, the limits set by 28 U.S.C. § 1446(b) are "imperative and mandatory, must be strictly complied with, and [are] to be narrowly construed." Walker v. Gunn, 511 F.2d 1024, 1026 (9th Cir. 1975).

In this case, defendants are seeking to remove Daniels, Ervin, Perkins, and Wilson more than 30 days after they were served with copies of the summons and complaints in those cases.

---

3 The reporter's transcript (RT) from the proceedings that were held on June 25, 2007 is attached as Exhibit 5 to the Declaration of Ronald W. Carter.

Indeed, with respect to these cases, defendants' notice of removal was filed 3 weeks after they appeared and served their answer. Removal with respect to these cases is therefore untimely.

The notice of removal is also untimely as to Docu because the complaint in that case also alleged a single federal claim (RICO) along with ten other state law claims. The complaint in Docu was served on K. Platinum on March 29, 2007, thereby making the notice of removal due by April 28, 2007.

The notice of removal is also untimely as to Sarubin, Walker, Braden, and Bennett because the complaints in these cases allege claims under state law only and do not allege the violation of any federal statute upon which federal question jurisdiction could be premised.

C.  Plaintiffs Have Requested Dismissal of the RICO Claims

The only basis for removal of this case is the RICO claim in the tenth cause of action. Plaintiffs Levesque and Roach, however, have requested that the RICO claim be dismissed. Declaration of Carter, Exhibit 4. Therefore, there is no longer any federal question over which this court may assert jurisdiction.

28 U.S.C. § 1367(c)(3) provides that the district court may decline to exercise supplemental jurisdiction over pendent state

law claims where "the district court has dismissed all claims over which it has original jurisdiction." See <u>Harvey v. Alameda County Medical Center</u> 280 F. Supp. 2d 960, 980 (N.D. Cal. 2003).

In this case, the court should grant plaintiffs' request to dismiss the RICO claim and thereafter decline to exercise supplemental jurisdiction over the remaining pendent state law claims.[4]

D.  The State Law Claims Predominate

28 U.S.C. § 1367(c)(2) provides that the district court may refuse to exercise supplemental jurisdiction when the state law claims "substantially predominate over the claim over which the district court has original jurisdiction."

In <u>San Pedro Co., Inc. v. City of Los Angeles</u>, 159 F.3d 470, 478 (9th Cir. 1998), the court upheld the district court's dismissal of the plaintiffs' supplemental claims under 28 U.S.C. § 1367(c)(2) on the grounds that the "state law claims substantially predominate over the federal law claim[s]."

Usually, the pendent state law claims pertain to those claims under state law that are pending in the action that is sought to be removed. Here, the 10 state law claims brought by plaintiffs Levesque and Roach substantially predominate over their single federal claim.

To the extent the number of pendent claims include all of the state law claims in the 10 other consolidated cases, the state law claims in those 10 cases along with the state law claims in this case exponentially predominate over the single federal claims by plaintiffs Levesque and Roach.

E.   Economy, Fairness, and Comity Militate Against Removal

In <u>Executive Software North America, Inc. v. United States District Court</u>, 24 F.3d 1545, 1554 (9th Cir. 1994), the court held that "whether pendent jurisdiction should be exercised in a given circumstance depend[s] on the district court assessing whether doing so 'would most sensibly accommodate' the values of 'economy, convenience, fairness, and comity.'"  An analysis of these factors with respect to the present case, and those consolidated with it, requires that the cases be remanded.

Here, it will be more economical to continue with the litigation in the state court instead of starting all over in this court. There have already been three case management conferences, a fourth one scheduled, and numerous orders made in the state court.

Pursuant to discovery orders made in the state court in the complex designated litigation, defendants have served plaintiffs

---

4 Defendants have also filed a notice of removal in <u>Levesque</u> for the same reason as the petition filed in this case. <u>Levesque v. Coleman</u> has been filed in this court as Case No. C07-03269 MJJ.

with interrogatories and requests for production for documents and plaintiffs have been allowed to proceed with defendant Coleman's deposition and to serve defendants with interrogatories and requests for production of documents.

Additionally, a receiver has been appointed, a temporary restraining order has been issued, bonds have been posted, and the state court has scheduled a hearing on plaintiffs' request for a preliminary injunction.[5]

With all that had been accomplished in the state court and given the pace at which the cases were moving before defendants filed the notice of removal, plaintiffs expected that the cases were going to be ready for either mediation or a settlement conference by October 2007. By contrast, if this case is removed, the initial case is not scheduled to take place until September 25, 2007.

In addition to it being more economical and expedient for the cases to remain in the state court, the delay involved in removal would not be fair to plaintiffs. Given the progress that has been made in the state court, plaintiffs expect trial dates could be set by the end of the year. Plaintiffs have nothing to gain by delay and the adverse consequences that are attendant to that delay would not be fair to plaintiffs.

"Under the principles of comity, federal courts of equity should exercise their discretionary power with proper consideration for the independence of state government in carrying out its governmental functions." City & County of San Francisco v. Assessment Appeals Bd. for the City & County of San Francisco, No. 1, 122 F.3d 1274, 1277 (9th Cir. 1997).

Typically, where a case is originally filed in state court, comity warrants a remand to the state court. Hawthorne Savings v. Reliance Insurance Co., 421 F.3d 835, 852 (9th Cir. 2005).

In this case, remanding to the state court would further the principle of comity by allowing the state court to continue to carry out its functions. Also, remanding to the state court will prevent piecemeal litigation and avoid the risk of inconsistent results.

F.  There Are Other Reasons for Declining Jurisdiction

28 U.S.C. § 1367(c)(4) provides that the district court may decline to exercise supplemental jurisdiction in exceptional circumstances where there are other compelling reasons for declining jurisdiction.

In this case, in addition to the fact that plaintiffs have requested dismissal of the only claim over which this court has

---

5 The hearing on plaintiffs' request for a preliminary injunction was scheduled along with the case management conference on June 25, 2007. RT 11:1-12:5.

12

original jurisdiction and the fact that the state law claims overwhelmingly predominate over the single federal claim, this court should also decline to exercise supplemental jurisdiction to the extent defendants attempt to remove is nothing more than forum shopping.[6]

Here, even though the state court judge had specifically told defendants' attorneys on June 25 that the receivership remained in place and the temporary restraining order was still effective, in his letter dated July 6, 2007 to the receiver, counsel for defendant K. Platinum made the following statement: "As you may know, the matter was removed to Federal Court on June 21, 2007. The TRO governing your appointment expired by its terms on June 25, 2007. Accordingly, there is some question as to the present validity of the TRO in the matter as well as the extent of your authority pending the Federal Court's resolution of any motion to remand and/or the appointment of a federal receiver." Declaration of Carter, Exhibit 6.

Counsel for defendant K. Platinum made the above-quoted statement to the receiver even though 28 U.S.C. § 1450 provides that "all orders and other proceedings had in the state court action prior to removal shall remain in full force and effect until dissolved or modified by the district court." See Jenkins

---

[6] Forum shopping should be discouraged in the interest of prudent and wise judicial administration. See American International Underwriters v.

13

v. Commonwealth Land Title Ins. Co., 95 F.3d 1372, 1378 (9th Cir. 1997).

Thus, notwithstanding the state court judge's specific rulings and admonitions to defense counsel that the temporary restraining order and the order appointing the receiver remained in place, and notwithstanding the provisions of 28 U.S.C. § 1450, defense counsel apparently sought to mislead the receiver into believing that she no longer had any authority and into believing that the temporary restraining order had expired, all so defendants could seek different results in a different court.

In a letter dated July 13, 2007 from the receiver's attorney to counsel for defendant K. Platinum, she referred counsel to 28 U.S.C. § 1450 and advised him that the receivership and temporary restraining orders were still in effect given that this court has not dissolved or modified any of these orders that were made in the state court. Declaration of Carter, Exhibit 7.

Even though plaintiffs had requested dismissal of the RICO claim on June 22, defendants' attorneys nonetheless refused at the case management conference on June 25 to stipulate to a remand (RT 8:10-9:4) and have since continued to refuse to so stipulate. Declaration of Carter, ¶¶ 13, 19, 20.

---

Continental Ins. Co., 843 F.2d 1253, 1261 (9th Cir. 1988).

Under the circumstances, with there being no basis for this court to exercise any original jurisdiction, defendants refusal to stipulate to a remand and their continued insistence in litigating in this court strongly suggest they are either forum shopping or engaging in tactics that are solely intended to cause unnecessary delay.

## IV.

## CONCLUSION

For all of the reasons set forth herein, the court should grant the motion and remand this case, Daniels, Ervin, Perkins, and Wilson, as well as the other 6 consolidated cases, to the Contra Costa County Superior Court for the State of California.

Dated: July 23, 2007

*Ronald W. Carter*
Ronald W. Carter
Attorney for Plaintiffs
Dorothy Daniels, et al.